**WO**                  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Novak,<br><br>                Plaintiff,<br><br>v.<br><br>Arizona, State of,<br><br>                Defendant. | No. CV-15-02234-PHX-JJT<br><br>**ORDER** |

At issue is the Application to Proceed in District Court Without Prepaying Fees or Costs filed by *pro se* Plaintiff David Novak (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court would grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to state a claim and dismisses it with prejudice.

**I.     LEGAL STANDARDS**

    **A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

In the Complaint, Plaintiff alleges that, in 2013, Defendant State of Arizona fabricated criminal charges against him, improperly accepted his guilty plea, and improperly placed him on house arrest and ordered him to pay restitution. Plaintiff makes claims under the 4th, 5th and 14th Amendments to the Constitution, seeking money damages in the form of $1.5 million and injunctive relief in the form of expungement of his criminal conviction. The Court assumes that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right of action against a state actor for a constitutional violation. *See Watison*, 668 F.3d at 1112.

The Court first notes that the doctrine of state sovereign immunity precludes Plaintiff from bringing a claim for money damages against the State of Arizona under 42

U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). For that reason, the Court must dismiss Plaintiff's claims for money damages against the State of Arizona with prejudice.

With regard to Plaintiff's request for injunctive relief in the form of expungement, the *Rooker-Feldman* doctrine bars Plaintiff's claims in this Court. The *Rooker-Feldman* doctrine derives from two United States Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an appellate capacity. The Ninth Circuit Court of Appeals has held that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004). Here, because Plaintiff asks this Court to conclude that the state court erred in taking his guilty plea and convicting him, the *Rooker-Feldman* doctrine instructs that this Court does not have jurisdiction to consider Plaintiff's claim. The Court must therefore dismiss Plaintiff's claims for injunctive relief against the State of Arizona with prejudice.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. In this instance, it does not appear that Plaintiff's claims against the State of Arizona in this Court can be cured by amendment.

IT IS THEREFORE ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with prejudice for failure to state a claim.

//
//
//

1  IT IS FURTHER ORDERED that Plaintiff's Application to Proceed in District
2  Court Without Prepaying Fees or Costs (Doc. 2) is denied as moot.
3  IT IS FURTHER ORDERED that the Clerk of Court shall close this case.
4  Dated this 10th day of December, 2015.

Honorable John J. Tuchi
United States District Judge